QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (SBN 90378)
johnquinn@quinnemanuel.com
865 S. Figueroa St, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3200
Fax: (213) 443-3100

Margret M. Caruso (SBN 243473)
Michael F. LaFond (SBN 303131)
555 Twin Dolphin Drive
Redwood City, CA 94065
Tel: (650) 801-5000
Fax: (650) 801-5100

Attorneys for Plaintiff
The Academy of Motion Picture Arts and Sciences

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ACADEMY OF MOTION PICTURE ARTS AND SCIENCES, a California nonprofit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LASH FARY d/b/a DISTINCTIVE ASSETS a/k/a DISTINCTIVE ASSETS LLC<br><br>Defendant. | CASE NO. 2:16-cv-1061<br><br>STIPULATION OF FINAL JUDGMENT AND CONSENT ORDER<br><br><br>**Judge:** Hon. Manuel L. Real<br>**Courtroom:** 8, Second Floor |

Plaintiff Academy of Motion Arts and Sciences (the "Academy") together with Lash Fary d/b/a Distinctive Assets and Distinctive Assets LLC (collectively "Defendants") agree to the entry of this Stipulated Final Judgment and Consent Order ("Consent Judgment").

WHEREAS, on February 16, 2016, the Academy filed a complaint against Plaintiffs sounding in trademark infringement, false advertising, and trademark dilution;

WHEREAS the Academy's complaint asserted the trademarks in the OSCAR® word mark, registered pursuant to Certificate of Registration Nos. 1,096,990, 1,118,751, 1,996,585, and 2,021,582; the OSCARS® word mark, registered pursuant to Certificate of Registration No. 1,528,890; the ACADEMY AWARDS® word mark, registered pursuant to Certificate of Registration Nos. 1,103,859, 1,880,473 and 1,956,313; and the ACADEMY AWARD® word mark, registered pursuant to Certificate of Registration No. 2,245,965 (collective referred to as the "Academy's Marks");

WHEREAS, the Academy's complaint sought to enjoin defendants from using the Academy's Marks in descriptions or advertisements for Defendants' gift bags, as well as in social media posts advertising Defendants' products and services, inclusive of any social media posts employing "hashtags" (e.g. "#Oscars," "#AcademyAwards," and the like);

WHEREAS, Defendants acknowledge that that they do not have a relationship with the Academy, are not in charge of gift bags for the Academy, do not give out gift bags at the Oscar ceremony or on the premises of the Oscars;

WHEREAS, the Academy and Defendants have now reached an agreement to settle all claims brought by the Academy;

WHEREAS, Defendants acknowledge that they have knowingly and voluntarily entered into this Consent Judgment after reviewing the same with their counsel or having had ample opportunity to consult with counsel.  Both the Academy and Defendants understand the undertakings, obligations and terms of this Consent Judgment; and

WHEREAS, Defendants have agreed to the jurisdiction of this Court to enforce this Consent Judgment and to waive any right to appeal, seek judicial review, or to otherwise challenge or contest the validity of this Consent Judgment.

NOW THEREFORE, the Academy and Defendants hereby agree, subject to the Court's approval, as follows:

1) This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties, venue is proper in this district, and the Court has jurisdiction to enter a judgment pursuant to the terms of this Consent Judgment as a final resolution of this action.

2) Defendants, and their agents, servants, and employees, and all persons acting thereunder, in concert therewith, or on Defendants' behalf, are hereby ENJOINED from:

(a) Using any of the Academy's Marks in a) names of, b) tag lines for, or c) any short form descriptions of, any gift bags Defendants create and/or distribute, including without limitation, use of the phrases "Everyone Wins At The Oscars®! Nominee Gift Bags," "Everyone Wins Nominee Gift Bags in Honor of the Oscars®," "Oscar Gift Bag," and "Oscar Swag Bag";

(b) Using any of the Academy's Marks to describe products appearing in Defendants' gift bags;

(c) Promoting products or services through the use of hashtags that contain the Academy's Marks;

  (d) Representing, suggesting, or implying that Defendants are "in charge of" any gift bags given at the Academy's annual Academy Awards ceremony;

  (e) Representing, suggesting, or implying that Defendants have an "exclusive" relationship, or any other formal relationship, with the Academy or the Academy's annual Academy Awards ceremony;

  (f) Representing, suggesting, or implying that Defendants' gift bags are given out at the Academy's annual Oscars ceremony, or on the premises of the Oscar ceremony; and

  (g) Using the Academy's Marks in any way in commercial communications without prefacing those communications with a disclaimer explaining (i) that Defendants have no relationship with either the Academy or the Oscars ceremony and (ii) that neither the Academy nor Distinctive Assets wants there to be any association in the press between Distinctive Assets' bags and the Oscars or the Academy; for the avoidance of doubt, such disclaimers are to be placed at the outset of the commercial communications.

 3) This injunction shall extend to commercial communications, whether written, verbal, or visual, including without limitation, press releases, public statements, interviews, social media posts, statements made on Defendants' website, published descriptions of products included in the gift bags which Defendants have created, communications with product suppliers and potential product suppliers, and any other promotional communications created by or for Defendants, including with respect to generalized language about awards ceremonies that fails to expressly except the Oscars;

4) Provided that Defendants comply with the terms of this injunction, they may accurately state that Distinctive Assets is giving gift bags to Oscar nominees.

5) It is further ordered that, if Defendants, or either of them, or their agents, servants, employees, or any other persons acting thereunder, in concert therewith, or on Defendants' behalf, violate this Consent Judgment, Defendants shall be required to pay to the Academy:

    (a) $50,000 in compensation for the Academy's continued expenditure of effort to address Defendants' actions, which shall be in addition to any damages, profits, and/or punitive damages or enhancements, and

    (b) all reasonable attorneys' fees and costs incurred by the Academy in connection with any enforcement proceedings.

6) This Court will retain jurisdiction over the parties, as necessary, to enforce the terms of this Consent Judgment.

The Parties hereby stipulate and agree, without further notice to any of them, to entry of this Consent Judgment, which shall constitute a final judgment against Defendants.

DATED: March 22, 2016

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By _/s/ Margret M. Caruso_
Margret M. Caruso
Attorneys for Plaintiff
The Academy of Motion Picture Arts and Sciences

DATED: March 22, 2016

LOWNESTEIN SANDLER LLP
65 Livingston Avenue
Roseland, NJ 07068
dleit@lowenstein.com
(973) 597-2340

By _____
David Leit
Attorneys for Defendants Lash Fary d/b/a Distinctive Assets and Distinctive Assets LLC

-6
STIPULATION AND CONSENT TO JUDGEMENT