QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (SBN 90378)
johnquinn@quinnemanuel.com
865 S. Figueroa St, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3200
Fax: (213) 443-3100

Margret M. Caruso (SBN 243473)
Michael F. LaFond (SBN 303131)
555 Twin Dolphin Drive
Redwood City, CA 94065
Tel: (650) 801-5000
Fax: (650) 801-5100

Attorneys for Plaintiff
The Academy of Motion Picture Arts and Sciences

JS-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ACADEMY OF MOTION PICTURE ARTS AND SCIENCES, a California nonprofit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LASH FARY d/b/a DISTINCTIVE ASSETS a/k/a DISTINCTIVE ASSETS LLC<br><br>Defendant. | CASE NO. 2:16-cv-1061-R<br><br>ORDER GRANTING PERMANENT INJUNCTION AND FINAL JUDGMENT<br><br><br>**Judge:** Hon. Manuel L. Real<br>**Courtroom:** 8, Second Floor |

Plaintiff Academy of Motion Arts and Sciences (the "Academy") together with Lash Fary d/b/a Distinctive Assets and Distinctive Assets LLC (collectively "Defendants") have agreed to the entry of a Stipulated Final Judgment and Consent Order, as filed on March 23, 2016. The terms of that Stipulated Final Judgment and Consent Order are hereby adopted by the Court, and entered as follows:

1) This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties, venue is proper in this district, and the Court has jurisdiction to enter a judgment as a final resolution of this action.

2) Defendants, and their agents, servants, and employees, and all persons acting thereunder, in concert therewith, or on Defendants' behalf, are hereby ENJOINED from:

   (a) Using any of the Academy's Marks in a) names of, b) tag lines for, or c) any short form descriptions of, any gift bags Defendants create and/or distribute, including without limitation, use of the phrases "Everyone Wins At The Oscars®! Nominee Gift Bags," "Everyone Wins Nominee Gift Bags in Honor of the Oscars®," "Oscar Gift Bag," and "Oscar Swag Bag";

   (b) Using any of the Academy's Marks to describe products appearing in Defendants' gift bags;

   (c) Promoting products or services through the use of hashtags that contain the Academy's Marks;

   (d) Representing, suggesting, or implying that Defendants are "in charge of" any gift bags given at the Academy's annual Academy Awards ceremony;

   (e) Representing, suggesting, or implying that Defendants have an "exclusive" relationship, or any other formal relationship, with

          the Academy or the Academy's annual Academy Awards ceremony;

    (f)  Representing, suggesting, or implying that Defendants' gift bags are given out at the Academy's annual Oscars ceremony, or on the premises of the Oscar ceremony; and

    (g)  Using the Academy's Marks in any way in commercial communications without prefacing those communications with a disclaimer explaining (i) that Defendants have no relationship with either the Academy or the Oscars ceremony and (ii) that neither the Academy nor Distinctive Assets wants there to be any association in the press between Distinctive Assets' bags and the Oscars or the Academy; for the avoidance of doubt, such disclaimers are to be placed at the outset of the commercial communications.

3) This injunction shall extend to commercial communications, whether written, verbal, or visual, including without limitation, press releases, public statements, interviews, social media posts, statements made on Defendants' website, published descriptions of products included in the gift bags which Defendants have created, communications with product suppliers and potential product suppliers, and any other promotional communications created by or for Defendants, including with respect to generalized language about awards ceremonies that fails to expressly except the Oscars;

4) Provided that Defendants comply with the terms of this injunction, they may accurately state that Distinctive Assets is giving gift bags to Oscar nominees.

5) It is further ordered that, if Defendants, or either of them, or their agents, servants, employees, or any other persons acting thereunder, in concert therewith, or on Defendants' behalf, violate this order, Defendants shall be required

to pay to the Academy:

    (a) $50,000 in compensation for the Academy's continued expenditure of effort to address Defendants' actions, which shall be in addition to any damages, profits, and/or punitive damages or enhancements, and

    (b) all reasonable attorneys' fees and costs incurred by the Academy in connection with any enforcement proceedings.

6) This Court will retain jurisdiction over the parties, as necessary, to enforce the terms of this order.

The entry of this order constitutes a final judgment against Defendants.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: March 30, 2016

Hon. Manuel L. Real